## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEYON FREELAND,                          :        Civil No. 3:15-cv-965
                                         :
                   Petitioner            :        (Judge Mariani)
                                         :
        v.                               :
                                         :                    **FILED**
STEVEN GLUNT, *et al.*,                   :                    **SCRANTON**
                                         :                    JUN 1 3 2016
                   Respondents           :
                                                  Per_____
                                                         DEPUTY CLERK

### MEMORANDUM

Petitioner, Keyon Freeland, an inmate currently confined at the Rockview State

Correctional Institution in Bellefonte, Pennsylvania, filed a *pro se* petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The matter is proceeding *via* an amended

petition. (Doc. 8). Freeland challenges his conviction and sentence from the York County

Court of Common Pleas. (*Id.*). Presently pending before the Court are Freeland's motion

for an evidentiary hearing and motion to appoint counsel. (Docs. 19, 21). For the following

reasons, the Court will deny the motions.

### I.    Motion for Evidentiary Hearing

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), grants district

courts the discretion to conduct evidentiary hearings on habeas review in limited

circumstances. *See* 28 U.S.C. § 2254(e); *Campbell v. Vaughn*, 209 F.3d 280, 286-87 (3d

Cir. 2001). The court may, for example, conduct an evidentiary hearing if the petitioner "has

diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court." *Campbell*, 208 F.3d at 287.

It appears that Freeland has been afforded evidentiary hearings by the state courts. *See* (Doc. 8, at 3, 6; Doc. 16-1, at 330). A Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541, *et seq.*, hearing was held on September 25, 2013, wherein Freeland's trial counsel, attorney Ronald Gross, testified. (Doc. 16-1, at 349-432). In the instant motion for an evidentiary hearing, Freeland again requests to elicit the testimony of attorney Ronald Gross regarding his tactical decisions. (Doc. 19). Freeland also requests the testimony of PCRA counsel, attorney Scott McCabe, to explain his "reasoning or tactical decisions." (*Id.* at 2). The record contains a detailed explanation by attorney McCabe regarding each claim in the PCRA petition, his reasons for concluding that the petition was meritless, and his basis for withdrawing as counsel. (Doc. 16-1, at 466-476).

In his motion, Freeland has failed to indicate any evidence other than that already contained in the record that would help his cause, and has failed to establish that an evidentiary hearing would help to advance his claims. *See Campbell*, 209 F.3d at 287 (finding that a court properly refuses a request to conduct an evidentiary hearing where the petitioner fails "to forecast any evidence beyond that already contained in the record" that would otherwise help his case, "or otherwise explain how his claim would be advanced by an evidentiary hearing"). Accordingly, the motion for an evidentiary hearing will be denied.

2

## II.    Motion to Appoint Counsel

Although prisoners have no constitutional or statutory rights to appointment of

counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752

(1991), the Court has broad discretionary power to appoint counsel to a financially eligible

habeas petitioner if "the interests of justice so require. . ." *See* 18 U.S.C. § 3006A(a)(2);[1]

*see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d

147, 153 (3d Cir. 1993).  The United States Court of Appeals for the Third Circuit has stated

that appointment of counsel for an indigent litigant should be made when circumstances

indicate "the likelihood of substantial prejudice to him resulting, for example, from his

probable inability without such assistance to present the facts and legal issues to the court

in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d

Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the

"precious commodity" of volunteer counsel is whether the petitioner's case has some

arguable merit in fact and law. *Montgomery*, 294 F.3d at 499.  If a petitioner overcomes this

threshold hurdle, other factors to be examined are:

1.    the claimant's ability to present his or her own case;
2.    the difficulty of the particular legal issues;

---

[1]    Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2).

3.    the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;

4.    the claimant's capacity to retain counsel on his or her own behalf;

5.    the extent to which the case is likely to turn on credibility determinations; and

6.    whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Assuming *arguendo* that the petition has merit, Freeland presents no arguments in support of his request for counsel. *See* (Doc. 21). Thus, he has failed to set forth any circumstances warranting appointment of counsel. *Tabron*, 6 F.3d at 155-56.

Upon review of the amended petition and traverse, Freeland has demonstrated an adequate ability to articulate his claims *pro se* and it does not appear that he will suffer prejudice if forced to prosecute this case on his own. Despite his incarceration, investigation of the facts does not seem beyond Freeland's capabilities. Additionally, the legal issues in this case are relatively clear and will not require expert testimony. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) (identifying merit and complexity of petitioner's claims as factors in whether to appoint counsel); *Blasi v. Attorney Gen.*, 30 F. Supp. 2d 481, 489 (M.D. Pa. 1998) (citing *Tabron*, 6 F.3d at 155-57). Furthermore, this Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Freeland's apparent ability to litigate this action, militate against the appointment of counsel. Hence, the motion for appointment of counsel will be denied, however the denial will be without prejudice. *See Tabron*, 6 F.3d at 156-57. If further

4

proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Freeland.

A separate Order follows.

Date:  June 10 , 2016

Robert D. Mariani
United States District Judge